**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID A. UMBAUGH, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06 C 4696** |
| **v.** | ) | |
| | ) | **HONORABLE DAVID H. COAR** |
| **UNIVERSAL FOOD & BEVERAGE CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff David A. Umbaugh ("Umbaugh" or "Plaintiff") has filed a five-count complaint alleging various federal and state law claims against Defendant Universal Food and Beverage Company ("Universal" or "Defendant"). Presently before this Court is Plaintiff's motion for partial summary judgment (Doc. No. 21), which seeks judgment as a matter of law on his breach of contract claim. For the reasons stated below, this motion is GRANTED in part.

## 1.    FACTS[1]

In the summer of 2005, Plaintiff paid Defendant $60,000.00 for the purpose of purchasing 80,000 shares of Universal stock. The stocks were intended to be restricted securities, in that they were not be freely tradable until March 5, 2006. Defendant accepted the funds on or around September 6, 2005. Defendant never issued any stock certificates to Plaintiff, despite repeated demands that it do so.

---

[1]Defendant has failed to respond to Plaintiff's Rule 56.1 filings. As a result, all of the facts presented by Plaintiff in those filings will be taken as true. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

At several points, Defendant acknowledged the agreement to purchase stock, Plaintiff's performance of his obligations under that agreement, and Defendant's failure to carry through with the issuance. *See, e.g.*, June 23, 2006 Letter, Pl.'s Partial Summ. J. Mot., Ex. A ("[W]e understand that the repayment of these funds is an obligation of Universal and it will be satisfied."); Compl. Ans., ¶¶ 2, 13, 19 ("Universal admits the receipt of the $60,000 from Umbaugh, and admits that shares of stock were not issued to him in connection with the $60,000...Universal admits that the June 23, 2006 letter...was sent by it's [sic] former President, Marc Fry, and that it stated the $60,000 would be repaid by Universal at some time in the future."

Plaintiff brought a five-count complaint alleging violations of the Secuirities Exchange Act, the Illinois Deceptive Business Practices Act, Breach of Contract, Conversion, and Common Law Fraud. He now moves for summary judgment against Defendant with respect to Count III (Breach of Contract), and demands the return of his $60,000 plus interest and costs.

## 2. LEGAL STANDARD FOR SUMMARY JUDGMENT

A party seeking summary judgment has the burden of showing, through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact that would prevent judgment as a matter of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment, courts "must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." *Allen v. Cedar Real Estate Group, LLP*, 236 F.3d 374, 380 (7th Cir. 2001).

Even so, the nonmoving party may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In order to successfully oppose a motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, *see Wolf v. Northwest Ind. Symphony Soc'y*, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, *see Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001); Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must decide, based on admissible evidence, whether any material dispute of fact exists that requires a trial. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A non-moving party who bears the burden of proof on a specific issue must demonstrate by specific factual allegations that there is a genuine issue of material fact in dispute. *McMillian v. Svetanoff*, 878 F.2d 186, 188 (7th Cir. 1989). This evidence provided by the non-movant must be sufficient to enable a reasonable jury to find in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

**3.      ANALYSIS**

The elements of a breach of contract claim are: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Ben. Services, Inc. v. Caremark RX, Inc.,* 2007 WL 2012364 (7th Cir. 2007) (citing *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill.App.3d 6, 300 Ill.Dec. 601, 845 N.E.2d 22, 30 (Ill.App.Ct.2006), leave to appeal denied, 218 Ill.2d 542, 303 Ill.Dec. 3, 850 N.E.2d 808 (Ill.2006)). Defendant has not challenged any of the factual allegations regarding the agreement and its terms.

The terms of the agreement between Umbaugh and Universal can be ascertained with reasonable certainty. A valid and enforceable contract was formed between the parties for the purchase of Universal shares, for which Plaintiff transmitted $60,000 in checks that Defendant accepted. Plaintiff therefore satisfied his obligations under the contract by transferring this money. Defendant failed to satisfy its obligation to issue the stock, and therefore stands in breach of that contract. As a result, Plaintiff was deprived of either his funds or his bargained-for shares. Defendant acknowledged the terms of the original agreement, as well as its obligation to repay funds. There are no remaining genuine issues of material fact that must be resolved regarding Defendant's liability.

With respect to damages, the Court notes that the basis for damages calculation is inadequately presented. This Court orders the parties within 21 days to file either: (1) a joint notice of damages calculation if the total is uncontested; or (2) separate statements describing the legal basis and amounts owed for damages, interest, and costs should the parties disagree.

**4.**     **CONCLUSION**

For the foregoing reasons, Defendant's motion for partial summary judgment is

GRANTED with respect to Defendant's liability.  Judgement is withheld with respect to the total

amount of damages.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **July 27, 2007**